**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Case No.:**   6:12-CV-712-ORL-31-DAB

WILLIAM LANGE,

    Plaintiff,

v.

VERIZON WIRELESS SERVICES, LLC,

    Defendant.
_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, by and through its undersigned attorneys, hereby removes the above-captioned action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 from the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, to the United States District Court for the Middle District of Florida.  Pursuant to 28 U.S.C. § 1446(a), the grounds for removal are set forth below:

*REMOVAL IS PROCEDURALLY PROPER*

1.    Concurrently with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, which filing includes a copy of this Notice of Removal.  A copy of Defendants' Notice of Filing Notice of Removal is attached hereto as Exhibit A (without attachments).

2.    This Notice of Removal is timely because it is filed within 30 days after Defendant was served with a copy of the initial Complaint.  *See* 28 U.S.C. § 1446(b).

Defendant was served with a copy of the Complaint in the action styled *William Lange v. Verizon Wireless Services, LLC,* Case No. 05-20120CA-021909-XXXX-XX pending in the Circuit Court for the State of Florida, Eighteenth Judicial Circuit, at Brevard County (the "Action") on April 17, 2012.

      3.      Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. Local Rule 4.02, a copy of "all process, pleadings and orders served upon" Defendant in this action, as well as all "other papers or exhibits of every kind" on file in the state court are attached to this Notice of Removal. *See* Composite Exhibit B (containing all papers served on Verizon Wireless on April 17, 2012, including a Summons, Complaint (attachments redacted in accordance with Fed. R. Civ. P. 5.2), Requests for Production, Requests for Admissions, Interrogatories, and correspondence dated April 10, 2012; and all documents in the Circuit Court file, including the Complaint (attachments redacted in accordance with Fed. R. Civ. P. 5.2, Civil Cover Sheet, and Notice of Appearance),

      4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because the action was originally filed in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, which is located within the Middle District of Florida, Orlando Division.

*REMOVAL IS PROPER BASED ON*
*FEDERAL QUESTION JURISDICTION*

      5.      This Court has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1331. Defendant is entitled to remove this case to this Court pursuant to 28 U.S.C. § 1441 because Plaintiff has pleaded claims arising under a federal

2

statute that appear on the face of the Plaintiff's Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (removal jurisdiction exists when a federal question appears "on the face of the plaintiff's properly pleaded complaint.") Specifically, Count I of the Complaint alleges violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et. seq. See* Complaint, ¶¶ 1, 12, 45.

6. In *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the U.S. Supreme Court recently addressed federal question jurisdiction of private lawsuits arising under the TCPA. Resolving a split in the circuits and reversing Eleventh Circuit precedent, the Court held that U.S. district courts have original federal question jurisdiction pursuant to 28 U.S.C. § 1331 over private suits arising under the TCPA. *Id.* at 753 (holding that "[n]othing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331."); *see also id.* at 745 ("We hold, therefore, that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA."). Thus, this Court has original jurisdiction over this case based on federal question jurisdiction.

7. Additionally, pursuant to 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiff's state law claims which are "so related to the claim in the civil action that grants the district court original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In this case, Plaintiff's state law claims arise from the same set of operative facts as his federal law claim. In fact, each of the allegations supporting the

federal law claim is expressly incorporated and made part of each of the state law claims. *See* Complaint, at p. 6-7 (expressly incorporating all of the allegations in the Complaint, including the allegations that Verizon Wireless violated the TCPA, in each of the state law claims asserted).

8.  This Court has supplemental jurisdiction over the state law claims because the federal and state claims "derive from a common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Brigliadora v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist LEXIS 30638 *4 (M.D. Fla., March 4, 2011) (quoting *United Mine Workers of Am. v. Gibs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed. 2d 218 (1966)).  Courts have found that a "loose factual connection may be sufficient to confer supplemental jurisdiction, so long as those facts are both common and operative." *Id.* (quoting *Skanes v. Ameriquest Mortg. Co.*, 2007 U.S. Dist. LEXIS 70805 (N.D. Ill. Sept. 24, 2007) (citing *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995)).

9.  In this case, there is far more than "a loose factual connection" between the facts in each of the claims.  Plaintiff incorporates the same common allegations of fact in the federal claim under 47 U.S.C. §227 *et. seq.* as he does in each of the state law claims.  *See* Complaint, at p. 6-7 (expressly incorporating all of allegations in the Complaint, including the allegations that Verizon Wireless violated the TCPA, in each of the state law claims asserted).

### REMOVAL IS ALSO PROPER BASED ON
### DIVERSITY JURISDICTION

10. Because this Court has federal question jurisdiction, the inquiry can end there. Nonetheless, this Court also has original subject matter jurisdiction over this Action pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and there is complete diversity. *See, e.g., Osorio v. State Farm Bank, F.S.B.*, 2011 U.S. Dist. LEXIS 150951, *5 (S.D. Fla. Dec. 21, 2011) (finding that the "Court has diversity jurisdiction over the underlying TCPA claim in this action pursuant to 28 U.S.C. 1332….").

11. Plaintiff is a citizen and resident of Florida. *See* Complaint, ¶ 5 ("Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida").

12. Verizon Wireless Services, LLC is a Delaware limited liability company with its principal place of business in Basking Ridge, New Jersey. The sole member of Verizon Wireless Services is Cellco Partnership, a Delaware general partnership. The partners of Cellco Partnership are citizens of Delaware, New Jersey, and Colorado. *See* Declaration of Karen Shipman, attached as Ex. C, at ¶¶ 3-4; *see also* Complaint, ¶8 (alleging that Defendant is "a corporation and a citizen of the State of New Jersey with its principal place of business at One Verizon Way, VZ52N068, Basking Ridge, New Jersey, 07920").

13. The citizenship of unincorporated entities, such as limited partnerships and limited liability companies, has been considered by the U.S. Supreme Court and the Eleventh Circuit Court of Appeals. For diversity purposes, the citizenship of such entities is determined by the citizenship of their members. *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-97 (1990) (holding that citizenship of a limited partnership is determined by the citizenship of each of the partners for purposes of diversity jurisdiction); *Rolling Greens MHP, L.P. v. Comcast Holdings, LLC*, 374 F. 3d 1020, 1022 (11th Cir. 2004) (holding that a limited liability company, like a limited partnership, is a citizen of any state of what a member of the company is a citizen).

14. Based upon the citizenship of the parties, there is complete diversity.

15. In addition, the amount in controversy in this case exceeds the sum or value of $75,000. The Eleventh Circuit has held that where the plaintiff's complaint fails to specify the exact amount in controversy, the court may conclude that removal is proper if it is facially apparent that the claims are likely to exceed the $75,000 threshold for diversity jurisdiction. *See Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

16. In this case, even though Plaintiff alleges this is an action for damages "exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs," it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.

17. Plaintiff alleges that Verizon Wireless "called the Plaintiff approximately five-hundred (500) times between November 2011 and February 2012, willfully, and

intentionally violating the TCPA...and the FCCPA….." Complaint at ¶ 12; *see also id.* at ¶ 30 (alleging that Verizon Wireless "made approximately five (5) and ten (10) calls to Plaintiff's cellular phone every day in December 2011").

18. Under the TCPA, available damages include "actual monetary loss" from a violation or a statutory award of "$500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). If "the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available…." 47 U.S.C. § 227(b)(3)(C).

19. Accordingly, even though Verizon Wireless disputes Plaintiff's allegations, it is facially apparent from the Complaint that Plaintiff alleges 500 violations of the TCPA with statutory damages of between $500 and $1500 per violation. The amount in controversy therefore exceeds $75,000 according to the allegations of the Complaint.[1]

## CONCLUSION

20. For all of the foregoing reasons, removal of this Action to this Court is proper pursuant to 28 U.S.C. § 1441(b) and (c). There is original federal question

---

[1] Even if it if were not facially apparent that the claims exceed the $75,000 threshold for diversity jurisdiction, the court may look to evidence relevant to the amount in controversy at the time the case was removed. *See Williams*, 269 F. 3d at 1319; *see also Middleton v. State Farm Mut. Auto. Ins. Co.,* 2012 U.S. Dist. LEXIS 8365 *6 (M.D. Fla. Jan. 25, 2012) (considering settlement offer letter for purpose of removal proceedings). In this case, one need not look very far. Plaintiff served a demand letter with the initial Complaint demanding in excess of $75,000. *See* Exhibit B (containing Plaintiff's initial demand letter dated April 10, 2012 which was served along with the Complaint).

jurisdiction as well as diversity jurisdiction between the parties. This case is, therefore, within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1331 and 1332. Counsel for Defendants certifies that written notice of the filing of this Notice of Removal has been given to all parties, and a copy of this Notice is being filed with the Clerk of the Circuit Court in and for Brevard County, Florida, in compliance with 28 U.S.C. § 1446(d).

21. By virtue of this Notice of Removal, Defendant does not waive its right to assert any claims or other motions, including any and all motions permitted by Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendant respectfully requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in the Circuit Court.

Dated: May 11, 2012                                                             Respectfully submitted by:


  /s/  Robert J. Alwine
ROBERT JOSEPH ALWINE, P.A.
Robert J. Alwine (Fla. Bar. No. 404179)
E-mail: robert@robertalwine.com
Four Seasons Tower
1441 Brickell Avenue, Suite 1400
Miami, Florida 33131
Tel: (305) 372-3300
Fax: (786) 206-1480

*Attorney for Verizon Wireless*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of May, 2012, a true and correct copy of the foregoing has been furnished by First Class U.S. Mail (with attachments) and Facsimile (without attachments) to: **William Peerce Howard, Esq.**, Morgan & Morgan, Tampa, P.A., One Tampa City Center, Tampa, FL, 33602.

    /s/  Robert J. Alwine